Theodore E. **TIMPSON**, Jr., Plaintiff-Appellant,

v.

The M/S **ECUADOR MARU**, etc., et al., Defendants-Appellees.

No. 28718

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 8, 1970.

Clifton S. Carl, New Orleans, La., for appellant.

Robert B. Deane, Marshall Ballard, III, J. Walter Ward, Jr., New Orleans, La., for appellees.

Before WISDOM, THORNBERRY, and CLARK, Circuit Judges.

PER CURIAM:

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. *See* Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; 5 Cir. R. 18.

Standard Fruit & Steamship Company employed Theodore E. Timpson, Jr., as a banana handler in unloading the M/S Ecuador Maru. While working in the vessel's hold, Timpson injured his right hand when a banana box landed on it. He claims damages from the shipowners, contending that the method of passing banana boxes was unsafe and that the hatch was too dark. The shipowners filed a third party complaint against Standard Fruit for indemnity.

The district court found that the hold was adequately illuminated for safe work. Standing orders prohibited the throwing of banana boxes. In this case, the activity was just underway when the injury occurred. The district court concluded that the shipowners were not negligent and that the throwing of the boxes which caused Timpson's injury was a hazard of Timpson's own making [1] occurring instantaneously and simultaneously with the injury. The throwing, therefore, did not amount to unseaworthiness of the vessel. *See* Reed v. M/V Foylebank, 5 Cir. 1969, 415 F.2d 838.

We affirm the judgment of the district court.

---

1. Specifically, the district court found that Timpson's co-worker was also negligent and that the injury was the result of "indistinguishable and joint negligence" of the two.